### RICHARD WAYMAN *v.* COMMONWEALTH.

**Criminal Law—Homicide—Attorney for Commonwealth.**

One accused of murder cannot complain because the prosecution was conducted by an attorney who was not the regular attorney for the commonwealth. Such fact is not prejudicial to the defendant, and the fact that the attorney who prosecutes is one of great ability is not a cause for a new trial.

APPEAL FROM ADAIR CRIMINAL COURT.

November 7, 1878.

OPINION BY JUDGE PRYOR:

It may be doubted whether the accused has any record before us from which an appeal could be taken.

The motion for a new trial was overruled, or the grounds dismissed for the reason that appellant had made his escape and was in no condition to submit himself to the action of the court. At a subsequent term, when again arrested, he is permitted to file his bill of exceptions, and to present his reasons why a new trial should be granted. This is certainly a liberal practice, and while this court is not disposed to sanction it, for the purposes of this case it is sufficient to notice the errors complained of in the court below.

That the accused was prosecuted by another attorney than the regular attorney for the commonwealth cannot be assigned for error, and although Thompson is the commonwealth's attorney for an adjoining district and prohibited from prosecuting elsewhere, he alone must suffer the penalty, if any, and his action, unless prejudicial to the accused, will not be considered. It is not pretended that any advantage was taken of the accused or his counsel, and the ability of Thompson as a lawyer and advocate affords no reason for granting a new trial or of withholding the punishment for the offense committed.

That Newcomb and others were permitted to state that they were not present when the old man was murdered and knew nothing of it, did not prejudice the appellant nor conduce to show that he was the guilty party; it only established the fact that the witnesses were not particeps criminis, and this the commonwealth had the right to prove; and although the effect of their statements tended to show that some one else than Sublett and Newcomb were the murderers, it by no means followed that it was the appellant. An indirect attempt was made to prove that these witnesses were the criminals, and it was perfectly legitimate for the commonwealth to prove, either by these very parties or others, that it was impossible for them to have been present.

We see no objection to any of the instructions found in the record that were given by the court, nor any error in refusing those asked by the accused. All of the instructions are not before the court; still, with an incomplete record, we have given the case a careful

consideration and find no error in it prejudicial to the appellant, and the judgment must therefore be *affirmed*.

*Winfrey & Winfrey, for appellant.      Moss, for appellee.*